**In re Emile & Lisa HAWKINS, Debtors.**

**Bankruptcy No. 85–00193–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

June 20, 1985.

Alex Ross, Miami, Fla., for debtors.

Steven Friedman, Miami, Fla., for trustee.

William Roemelmeyer, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The issue here is whether a husband and wife may *each* claim $1,000 worth of personal property to be exempt from the claims of creditors, in view of the recent amendment of the Florida Constitution, Art. X, § 4(a)(2). I conclude that they may.

As amended, effective January 8, 1985, the Florida Constitution now provides:

"*There shall be exempt from forced sale* under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improve-

ment or repair thereof, ... *the following property owned by a natural person: ... (2) personal property to the value of one thousand dollars."* (Emphasis supplied.)

During the election held in November 1984 to consider the amendment of which the foregoing was a part, little attention was given to the effect of the amendment upon the personal property exemption. The focus of attention was the effect upon the real property—"the residence of the owner or his family." The effect of the amendment is to permit any "natural person", not just the "head of a family", to exempt the residence he or she owns.

The foregoing incomplete understanding of the scope of the amendment has prompted the trustee in this case to challenge the claim made by these two joint debtors to exempt $2,000 worth of personal property from administration here. The maximum personal property exemption in this state had been $1,000 per family for over a hundred years. No State court has yet passed on this point, nor has the Attorney General expressed an opinion.

The meagre legislative history and the form of the ballot indicate that the State legislature was no better informed than the electorate, but there is no discernable basis in either to give this amendment any other than a literal effect.

By the terms of the recent amendment, I conclude, therefore, that each natural person may claim exemption for $1,000 worth of personal property owned by that person. This right is not diminished by the fact that two or more such persons comprise a single family unit, residing together in a single homestead.

Unless the trustee proposes to challenge the debtors' claim that each owned $1,000 worth of the family personal property, the trustee's objection is denied. The debtors have stipulated to pay forthwith to the trustee the value of their personal property in excess of $2,000.