**In re PALM BEACH RESORT PROPERTIES, INC., Debtor.**

**Bankruptcy No. 83–02239–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 2, 1987.

Douglass E. Wendel, Palm Beach, Fla., trustee.

Gary I. Zwickel, West Palm Beach, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

## ORDER DENYING REHEARING

THOMAS C. BRITTON, Chief Judge.

The trustee's timely motion (C.P. No 228) to reconsider the Order Allowing Fees (C.P. No. 227) was heard on March 24.

The trustee's application had requested $3,189.66 for his fee as chapter 11 trustee and $6,810.34 for his fee under chapter 7. The Order allowed the trustee the maximum compensation of $3,189.66 as requested based on the amount of disbursements under chapter 11 and the maximum compensation of $1,650.01 under chapter 7. The trustee has accumulated $77,001.29 in administering this case.

The motion for reconsideration and the letter to this court (C.P. No. 226) to which the motion refers recite the basis upon which the total requested fee of $10,000 is sought.

The maximum compensation authorized for trustees is fixed by 11 U.S.C. § 326(a). It provides a maximum percentage (in this instance $3,189.66 and $1,650.01):

"upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

The trustee's position is that in this instance the court should consider additional factors outside of a literal application of the statute. However, I cannot disregard the statute.

As in *In re New England Fish Co.*, 34 B.R. 899, 902 (Bankr.W.D.Wash.1983) where the court commended the trustee for having done an outstanding job, I follow my colleague in the conclusion that:

"[i]t is not within the province of this Court to depart from or enlarge upon the specific wording of the statute."

*See also In re Roco Corp.*, 64 B.R. 499 (D.R.I.1986).

The additional compensation sought by the trustee is a partial commission on the money ($2.4 million) paid by a purchaser to the secured creditor, Attorney's Title, based on the trustee's assertion that "the monies were paid as a result of the trustee's efforts in negotiating the sale." At the same time, however, the trustee concedes that "the money did not pass through the trustee's account." (C.P. No. 226). As part of a settlement reached in the negotiation of this sale, the purchaser paid the sum of $75,000 to the estate. There was no actual or constructive disbursement of the $2.4 million by the trustee and, therefore, the trustee cannot collect any compensation greater than the statutory maximum. *See In re SMS, Inc.*, 15 B.R. 496, 501 (Bankr.D.Kan.1981).

The principle that a trustee is not entitled to collect his commission from secured property administered in bankruptcy is generally acknowledged. *See In re Lambert Implement Co., Inc.*, 44 B.R. 860 (Bankr.W.D.Ky.1984), *citing B & L Enterprises, Inc.*, 26 B.R. 220 (Bankr.W.D.Ky. 1982) (and cases cited therein).

In addition, there is no justification for the estate, which is created for the benefit of the unsecured creditors, to bear the fee for the benefit of the secured creditor.

The trustee has cited no case to support his position that this court has the authority to rule contrary to a strict statutory interpretation of § 326(a) and the prevailing case law.

For the foregoing reasons, rehearing is denied.