**In re Robert and Diane ADELSON, Debtors.**

**Bankruptcy No. 97–36420–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

Sept. 30, 1999.

Patricia Dzikowski, Fort Lauderdale, FL, for chapter 7 trustee.

*ORDER ALLOWING COMPENSATION TO CHAPTER 7 TRUSTEE AND DISALLOWING COMPENSATION TO ATTORNEY FOR CHAPTER 7 TRUSTEE*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

After notice to all creditors, this Court has examined all pending fee applications filed in this case. The Court has considered these applications and finds that the following allowances are reasonable.

The Court finds that reasonable compensation for Patricia Dzikowski, Trustee, is $885.60 plus expenses of $38.42.

The Court finds that any award of compensation to Patricia Dzikowski, as Attorney for Trustee, is unwarranted for the reasons delineated below. Thus, compensation to Ms. Dzikowski as Attorney for Trustee is disallowed.

■ The compensation allowed Ms. Dzikowski as chapter 7 trustee of $885.60 represents the maximum compensation allowable under 11 U.S.C. § 326(a), equal to 25% of the $3,542.41 generated through the Trustee's administration of this estate. As chapter 7 trustee, Ms. Dzikowski has capably performed all duties required under 11 U.S.C. § 704, and thus, should be compensated at the maximum allowable rate. In addition, although Ms. Dzikowski requested reimbursement of expenses, as chapter 7 trustee, in the amount of $4.36, this Court allows reimbursement of expenses to Ms. Dzikowski in the amount of $38.42. The additional $34.06 represents expenses incurred by Ms. Dzikowski ostensibly as **attorney** for the chapter 7 trustee. Although this Court is disallowing Ms. Dzikowski's request for compensation as attorney for trustee, the Court finds that the additional $34.06 in expenses, representing her request for reimbursement of postage, photocopies, computer research, and telefax transmissions, constitutes additional reasonable expenses incurred by Ms. Dzikowski **as trustee.** Thus, the aggregate amount of expenses reimbursed and allowed in favor of Ms. Dzikowski, as chapter 7 trustee, equals $38.42.

■ As to Ms. Dzikowski's application for compensation as attorney for the chapter 7 trustee, in the amount of $622.50, the Court refuses to award such compensation, on the basis that Ms. Dzikowski, in supposedly rendering "legal" services on behalf of herself as chapter 7 trustee, simply performed the duties already required of her as a chapter 7 trustee under 11 U.S.C. § 704. Ms. Dzikowski seeks compensation, as her own attorney, for 4.5 hours of time expended by herself[1] and by Christian J. Olson, an associate attorney to Ms. Dzikowski's law firm. The six time entries totaling 4.5 hours for which Ms. Dzikowski seeks compensation as an attorney are restated below:

| DATE | ATTORNEY | DESCRIPTION | TIME EXPENDED |
|------|----------|-------------|---------------|
| 3/29/98 | P.D. | Prepare Application, Affidavit and Order Authorizing Employment of Attorney | .30 |
| 3/30/98 | C.J.O. | Review case file and Trustee's Objection to Debtor's Claim of Exempt Property | .30 |
| 3/30/98 | C.J.O. | Telephone calls with debtor's attorney regarding personal property exemption overage and proposed settlement | .40 |
| 3/30/98 | C.J.O. | Prepare agreed order sustaining objection | .70 |
| 3/31/98 | C.J.O. | Attend hearing on Trustee's Objection to Claim of Exempt Property | 2.50 |
| 12/28/98 | P.D. | Prepare Fee Application | .30 |

Based upon the Court's review of the record together with Ms. Dzikowski's fee application as attorney for trustee, it is obvious that there existed no legal issues attendant to the objection to claimed exemption requiring the chapter 7 trustee to retain counsel. Aside from the Debtors' homestead, wholly exempt under Ar-

---

**1.** Ms. Dzikowski is a member of the Florida Bar and the United States District Court for the Southern District of Florida. Pursuant to 11 U.S.C. § 327(a), Ms. Dzikowski was allowed to employ herself as attorney for the chapter 7 trustee.

ticle X, Section 4 of the Florida Constitution, the Debtors itemized personal property with an aggregate alleged value of $4,274.06. The aggregate value of the listed personal property is claimed to be exempt. Under 11 U.S.C. § 522(b)(2) and Article X, Section 4(a)(2) of the Florida Constitution, each debtor is entitled to claim, as exempt, personal property up to $1,000 in value; and, as such, the Debtors were limited in the amount of their joint personal property exemption to $2,000. *See In re Hawkins*, 51 B.R. 348, 349 (Bankr.S.D.Fla.1985). The chapter 7 trustee did not conduct her own inventory of the Debtors' personal property or challenge the Debtors' valuations. Consequently, it was · obvious, upon review of the Debtors' schedules, that the Debtors claimed, as exempt, personal property in excess of the maximum value allowed.

■ The Trustee did dutifully file her objection to the Debtors' claimed exemptions on February 23, 1998, contending that the value of the personal property claimed as exempt by the Debtors exceeded the amount allowed under Florida law. Thereafter, upon agreement, the Debtors stipulated to pay the chapter 7 trustee $3,500 to retain the non-exempt property of the estate. None of the "legal services" performed by Ms. Dzikowski and her associate for which compensation is sought as attorney for the trustee fall outside of the scope of the duties ordinarily required of a chapter 7 trustee. Paramount among a trustee's duties is the requirement that a trustee "collect and reduce to money the property of the estate for which such trustee serves ..." 11 U.S.C. § 704(1); *see In re Hyman*, 123 B.R. 342, 347 (9th Cir. BAP 1991); *In re Midway Airlines, Inc.*, 154 B.R. 248, 256–57 (N.D.Ill.1993). If the administration of a chapter 7 estate presents novel factual or legal issues or requires the liquidation of substantial property interests, retention of counsel by a chapter 7 trustee may be warranted. In the instant case, counsel for the trustee seeks professional compensation for filing

an objection to claimed exemption (as to which no dispute existed), for preparing an application, affidavit, and order authorizing employment of counsel (all of which are local forms ordinarily generated via word processing), and for filing her fee application as attorney for the trustee. As noted in *In re Hunt*, 124 B.R. 263, 266 (Bankr. S.D.Ohio 1990), in awarding attorney fees, it is necessary that services compensated be professional ones, rather than ministerial or administrative services. A number of courts have applied this principle to trustees who employ themselves as attorneys. *See In re Vlachos*, 61 B.R. 473, 479 (Bankr. S.D.Ohio 1986) ("[I]t would be as erroneous to award compensation at attorney's rate for services that are duties of the trustee as it would be to fail to award compensation to a trustee who rendered services as an attorney separately from duties as a trustee."); *In re Wilmon, Inc.*, 61 B.R. 989, 993–94 (Bankr.W.D.Pa.1986) (holding trustee's application to serve as his own attorney and drafting of final accounting and distribution were functions of trustee, for which attorney compensation would not be awarded); *In re Santoro Excavating, Inc.*, 56 B.R. 546, 549–50 (Bankr.S.D.N.Y.1986) (holding bankruptcy court, in awarding fees, must be especially circumspect in cases where trustee also performs legal services for the estate, so as not to award attorney compensation for administrative duties of trustee); *In re Minton Group, Inc.*, 33 B.R. 38, 40 (Bankr. S.D.N.Y.1983) ("In order for a trustee who retains himself as attorney for an estate to recover for legal services performed, as distinguished from the trustee's statutory duties, the attorney must establish that the services claimed are not those generally performed by a trustee without the assistance of an attorney."); *In re Whitney*, 27 B.R. 352, 353–54 (Bankr.D.Me.1983) ("Where an application fails to reveal unusual difficulties, fees for counsel will be denied for the performance of duties of the trustee, including collecting and reducing the estate to money, preparation of re-

**630**

quired records and reports, protection of the estate from unfounded claims, etc.").

■ As stated by Congress, "The purpose of permitting the trustee to serve as his own counsel is to reduce costs. It is not included to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima fixed in [11 U.S.C.] § 326." H.REP. No. 95–595, at 329 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6285. This Court refuses to award professional compensation to an attorney for a trustee for services which the trustee already is dutybound to perform.