**In re Robert John TYCZKA, Debtor,**

**Jo Tyczka and Ellen Anderson,
Movants.**

No. 01–44914–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

April 15, 2002.

Robert E. Eggmann, Copeland, Thomson & Farris, P.C., St. Louis, MO, for debtor.

Spencer P. Desai, St. Louis, MO, for creditor.

Stuart J. Radloff, St. Louis, MO, for trustee.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Debtor Robert John Tyczka ("Debtor") filed for relief under Chapter 7. The only asset of the estate was the marital residence held by Debtor as tenants by the entirety with his non-debtor spouse, Jo Tyczka. The marital residence was encumbered by two mortgages. At the time the Debtor filed for bankruptcy relief, the marital residence was under a contract for sale. Trustee attended the closing and consummated Debtor's obligation in the sale of the house. Trustee filed an application with the court for compensation for the work performed in the case. The sole asset of Debtor's estate available to satisfy Trustee's request, is the proceeds from sale of the residence. Jo Tyczka, the non-debtor spouse, and her mother Ellen Anderson, an unsecured creditor, filed objections to Trustee's application. The court will sustain the objections and award reduced fees to Trustee.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

On May 1, 2001, Debtor Robert John Tyczka filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The first meeting of creditors was

scheduled for June 8, 2001, with the last day to oppose discharge set as August 7, 2001.

On May 14, 2001, the Court entered an order approving the employment of attorney Stuart J. Radloff by Trustee. The Court also ordered Trustee to assume the real estate contract entered into by Debtor and Jo Tyczka, the non-debtor spouse. On May 21, 2001, the Court granted Trustee's application for retention of Tyczka's real estate agent. On May 23, 2001, Trustee attended the closing of the sale of the Tyczkas' home. On June 25, 2001, Trustee's application to employ Robert Klevorn of Klevorn & Company, P.C. as accountant, was granted. On September 13, 2001, an order of discharge was granted by the Court. On October 24, 2001, the claim of Ellen Anderson, Jo Tyczka's mother, was allowed as a general unsecured claim for the sum of $35,000.00. On January 7, 2002, Trustee filed an application for compensation along with applications for compensation for the estate's attorney and accountant. On January 17, 2002, non-debtor spouse Jo Tyczka and her mother Ellen Anderson, an unsecured creditor, filed objections to the application for compensation by Trustee, his attorney and the estate's accountant. A hearing of the objections was held on February 5, 2002, and the matter was taken under submission.

## FINDINGS OF FACT

The following facts are undisputed and have been established by the arguments made at the hearing and from the documents filed in this matter:

1) Debtor Robert John Tyczka filed for relief under Chapter 7 of the United States Bankruptcy Code on May 1, 2001.

2) Before he filed for bankruptcy, Debtor and his non-debtor spouse Jo Tyczka agreed to sell their marital residence located at 16812 Babler View Drive, Wildwood, Mo 63011.

3) The residence was held by Debtor and Jo Tyczka as tenants by the entirety.

4) Jo Tyczka contracted with a realtor to sell the property on May 23, 2001. A contract for sale of the home was entered before Debtor filed for bankruptcy protection.

5) On May 21, 2001, the Court entered an order approving Trustee's motion to assume the contract of sale of the marital residence.

6) GMAC Mortgage held the first mortgage on the marital residence. Greenpoint Mortgage held the second mortgage. These two creditors are the only joint secured creditors of Debtor's estate. The outstanding balance owed to GMAC and Greenpoint at closing was $106,924.48 and $19,568.64, respectively.

7) Ellen Anderson, Jo Tyczka's mother, was the only allowed joint general unsecured claim for $35,000.00 against the estate. She lent the Tyczkas this amount for the initial purchase of the marital residence. However, she failed to perfect a security interest in the property in the amount of her loan.

8) Trustee authorized the title company to pay the outstanding balances to GMAC and Greenpoint from the proceeds of the sale. In addition, Trustee authorized payment of the expenses of sale of the residence.

9) The Debtor claimed $4,000 as his share of the homestead exemption. Trustee paid to Jo Tyczka, the non-debtor spouse, $4,000 as her share of the "homestead exemption."

10) Gross proceeds and disbursements from the sale were as follows:

| | |
|---|---|
| Gross amount paid to seller | $164,951.31 |
| Settlement charges including realtor fees | $ 13,564.21 |
| First mortgage | $106,924.48 |
| Second mortgage | $ 19,568.64 |
| Remaining funds in the estate (net proceeds) | $ 24,893.98 |

11) Trustee filed an application for compensation in the amount of $11,503.85 and expenses of $414.55.

12) The attorney for the estate and the accountant filed an application for fees of $2,580.00 and $764.25 respectively.

13) Jo Tyczka and Ellen Anderson filed objections to Trustee's fees and compensation for the estate's attorney and accountant.

## DISCUSSION

The only asset of Debtor's estate was the marital property held by the entirety by Debtor and his non-debtor spouse, Jo Tycska. Debtor and his spouse were in the process of a divorce. Before Debtor filed for bankruptcy relief, he and his wife entered a sales contract to sell their house. The closing was set for May 23, 2001. On May 1, 2001, Debtor filed for relief under Chapter 7. The court appointed Trustee, who assumed the real estate sale contract and the contract for employment of the realtor on behalf of the estate. At closing, the title company paid the secured mortgage creditors and the realtor. The gross proceeds tendered at closing were $164,951.31. From that amount Trustee authorized the title company to pay $106,924.48 to GMAC, $19,568.64 to Greenpoint Mortgage and $13,564.21 as fees and expenses associated with the sale of the residence. The net proceeds were $24,893.98. Trustee gave Jo Tyczka only $4,000.00 of the proceeds as her share of the "homestead exemption." Trustee retained the balance of the proceeds of $20,893.98 to satisfy joint debts of Debtor and Jo Tyczka; and to satisfy other debts of the estate, including his own fees and those of the attorney and accountant.

Trustee filed an application for his fees in the amount of $11,503.85 and for his expenses in the amount of $414.55. He also filed an application for attorney's fees in the amount of $2,580.00 and accountant fees in the amount of $764.25. Jo Tyczka and her mother Ellen Anderson both filed objections to Trustee's application for fees.

There are three issues before the Court. The first issue is whether Trustee correctly disbursed to Jo Tyczka, the non-debtor spouse, her share of the net proceeds from sale of the residence held by the entirety. Second, whether the compensation sought by Trustee was within the amount of compensation allowable, even though the disbursements were actually made by the title company and not by Trustee. Third, whether the compensation to the Trustee, attorney and accountant were reasonable under the circumstances of the case.

## I. Trustee's disbursement to non-debtor spouse.

Trustee gave Jo Tyczka $4,000.00 as her share of the "homestead exemption." This payment was clearly deficient. Under applicable case law, a non-debtor spouse is entitled to one half of the net proceeds from sale of a residence held as tenants by the entirety. *See Garner v. Strauss*, 952 F.2d 232 (8th Cir.1991). Jo Tyczka should have received one half of the net proceeds which remained after payment to creditors who held a secured interest in the marital residence and after payment of the expenses of selling the house. The secured creditors were paid $106,924.48 and $19,568.64. Expenses amounting to $13,564.21 were paid. That left net proceeds of $24,893.98, one half of which ($12,446.99) should be distributed to Jo Tyczka. Trustee has already disbursed $4,000.00 to her. The Court will order

Trustee to disburse the balance of $8,446.99 to Jo Tyczka.

## II. Calculation of Trustee fees.

■ Under 11 U.S.C. § 326(a), Trustee may receive compensation from all money disbursed. The calculation under section 326(a) includes money disbursed to secured creditors. That section provides as follows:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, *not to exceed* 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000; and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, *upon all moneys disbursed* or turned over in the case by the trustee to parties in interest, excluding the debtor, *but including holders of secured claims.*

11 U.S.C. § 326(a). (Emphasis added)

■ Trustee calculated his fees to be $11,503.85 based on the disbursements in this case. This amount is the maximum allowed by section 326(a). It is of no consequence that the disbursements of sale proceeds to the secured creditors and for expenses were actually made by the title company, rather than by Trustee. Trustee authorized these disbursements through his participation in the closing process. Therefore, the disbursements made by the title company are properly included in the calculation of Trustee's maximum fees. *See In re Reid,* 251 B.R. 512, 517–18 (Bankr.W.D.Mo.2000) (disbursements made by third parties on behalf of estate are included in calculating trustee's fees under section 326(a)).

## III. Calculation of reasonableness of Trustee's application.

■ Under 11 U.S.C. § 330, the Court may award compensation and expenses of the trustee and other professionals. The compensation is to be for reasonable, actual and necessary expenses based on time spent, the nature and extent and value of services rendered and cost of comparable services in nonbankruptcy cases. The limits imposed on compensation in sections 326(a) and 330 are to be applied as the outer limits, and not as grants or entitlements to the maximum fees specified; *Gill v. von Wittenburg (In re Fin. Corp.),* 114 B.R. 221, 224 (9th Cir. BAP 1990). Compensation for Trustee and professionals' services should be based on actions which brought a benefit to the estate. 11 U.S.C. § 330(a)(4)(A); *In the Matter of Urban Am. Dev. Co.,* 564 F.2d 808, 809 (8th Cir.1977).

■ When Trustee participated in the sale of the marital residence, he administered Debtor's estate. He instructed the title company to collect the sale price and to disburse funds to pay off the secured creditors and the costs of sale. Such payments would not be legally possible without the administration of the estate by Trustee. Before Trustee could proceed in the closing of the sale, he had to file motions and procure orders from the Court. His services merit a fee.

At the hearing on February 5, 2002, Trustee reduced the amount of fees he requested from $11,503.85 to $7,503.85. The Court accepts Trustee's amended request of $7,503.85 as reasonable, based on the benefit accrued to the estate, the speed and timeliness of action taken, time spent and the necessity of Trustee's actions to the administration of the estate. The Court also finds the accountant's and at-

torney's fees and Trustee's expenses to be reasonable and will authorize their payment. The fees payable to Trustee, Trustee's expenses, attorney and accountant fees, should be paid out of Debtor's remaining share of the net proceeds after full payment to Jo Tyczka as discussed above. Any remaining proceeds in Debtor's estate, after payment to Trustee and professionals, shall be disbursed according to the provisions of the Bankruptcy Code.

An Order consistent with this Memorandum Opinion will be entered this date.