**In re JOSEPH CHARLES & ASSOCIATES, INC.,**
**Debtor.**

No. 00–34898–BKC–SHF.

United States Bankruptcy Court,
S.D. Florida.

June 20, 2003.

Daniel L. Bakst, West Palm Beach, FL, for debtor.

Kenneth B. Robinson, Glenn D. Moses, Miami, FL, for trustee.

## *ORDER GRANTING MOTION TO RECONSIDER THAT PART OF FINAL FEE APPLICATION TO EXTENT OF PARALEGAL TIME*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came before the Court on January 8, 2002, upon the Motion to Reconsider that Part of Order Denying Fee Application to Extent of Paralegal Time ("Motion to Reconsider") filed by Genovese Lichtman Joblove & Battista, P.A. ("GLJB"), Counsel to the Official Committee of Unsecured Creditors. On November 1, 2000, the Debtor filed the instant case under Chapter 11 of the Bankruptcy Code. On January 9, 2001 the Committee of Unsecured Creditors was appointed. Subsequently, on April 23, 2001, GLJB was employed to represent the Official Committee of Unsecured Creditors. On July 11, 2001, James Felt-

man was appointed as the Chapter 11 Trustee. Based upon the Trustee's recommendation, the case was converted to a Chapter 7 proceeding on October 16, 2001. Thereafter, on November 29, 2001, GLJB filed its Application for Final Compensation, requesting attorney's fees in the amount of $42,490.50 together with reimbursement of expenses equal to $2,474.90. After reviewing the Fee Application following a hearing on December 27, 2001, the Court entered an order awarding GLJB $37,839.00 in fees, whereby the Court reduced the amount of the fee request of GLJB to the extent of $4,651.50 representing separately-billed paraprofessional time. The Court also awarded $2,474.90 in expenses, representing the entire amount of expenses requested. GLJB filed its Motion to Reconsider after revising its Final Fee Application to eliminate $845.00 of paralegal time which GLJB acknowledged to be "secretarial or ministerial in nature", and thus reduced the requested compensation for paraprofessional time from $4,689.50 to $3,844.50. GLJB now seeks a revised final allowance of an additional $3,844.50 in fees for its separately-billed paralegal time. Upon reconsideration, the Court allows additional compensation to Genovese Lichtman Joblove & Battista, P.A. in the amount of $2,566.00, representing allowable compensation for services rendered by the paraprofessionals.

 GLJB was employed pursuant to 11 U.S.C. § 330. Section 330(a)(1)(A) allows the Court to award to a professional person reasonable compensation for actual, necessary services. 11 U.S.C. § 330(a)(1)(A). Section 330(a)(2) permits the Court, on its own motion, to "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2); *see also In re Busy Beaver Building Centers*, 19 F.3d 833, 841

(3d Cir.1994) (finding that the bankruptcy court has the power and obligation to review fee applications regardless of whether they have been subject to an objection by an interested party).

 The Bankruptcy Code does not explicitly provide for compensation to paralegal or paraprofessional personnel employed by an attorney. 11 U.S.C. § 330. Although the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines") do contemplate billing for paraprofessionals, and although courts in this district frequently have compensated such paraprofessionals separately, no compensation is permitted for labor that is purely clerical or secretarial in nature. *See* Guidelines 8,9, § D(k). Upon its initial review of the instant fee application, this Court took the position that paralegal or paraprofessional time was not compensable. Upon reconsideration, the Court has analyzed each entry of separately-billed paraprofessional time to determine whether a given entry reflects services rendered that merely required the performance of a clerical function, or rather, whether the entry reflects the exercise of a degree of professional judgment warranting compensation at the paraprofessional's hourly rate. Any request which was purely clerical or secretarial in nature, or vague as to the precise degree of professional judgement required, has been denied. The Court has awarded compensation only for those entries clearly reflecting the need for independent professional judgment.

 Indicative of the scope of the Court's analysis is the entry dated May 5, 2001 by Jose Heredia found in that part of the Fee Application under the sub-heading "Plan and Disclosure Statement." The explanation accompanying this entry provides that the paraprofessional, Jose Heredia, was employed to "Prepare, file and serve objection of the committee of unsecured creditors to the adequacy of the Debtor's disclosure statement." This entry is directly preceded by entries reflecting that, for the period between April 29, 2001 and May 5, 2001, attorney Glenn D. Moses logged 4.4 hours during which he reviewed the debtor's chapter 11 plan and the U.S. Trustee's objection to the disclosure statement, and drafted, revised and finalized the objection to the disclosure statement filed by the creditors' committee. These entries by the paraprofessional and attorney are duplicative. It appears that Glen D. Moses performed the substantive legal analysis necessary to prepare the Objection to Disclosure Statement, while Mr. Heredia simply typed or processed the Objection. The serving and filing of such an objection fall squarely within the purview of clerical or secretarial duties. Such tasks do not require the professional judgement or legal analysis which would justify the separate hourly billing for a paraprofessional. *See Missouri v. Jenkins,* 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (stating that, "Purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

 In addition, with regard to the entry dated April 25, 2001 under the subheading "Case Administration" by paralegal Kris Kadlac, the description reads, "Obtain claims register from PACER and all filed claims (3 hours); Prepare and organize claims information for G. Moses (4 hours)." Based on this entry, GLJB seeks compensation for seven hours at a paralegal's rate. However, merely accessing PACER does not require the skill and training of a paraprofessional, and as such, that portion of the labor shall be considered overhead not to be separately billed.

These examples are illustrative of the Court's analysis in reviewing GLJB's Final Fee Application. A detailed description of the Court's analysis for each entry by a paralegal or paraprofessional has been omitted in the interest of brevity, but will be prepared and filed at the request of any party if received by this Court within ten days after entry of this Order. Accordingly, of the $3,844.50 requested for paraprofessional time, this Court will allow compensation to GLJB in the amount of $2,566.00.

It is therefore **ORDERED** that:

1. GLJB's Motion to Reconsider is **granted**.

2. GLJB is awarded an additional $2,566.00 in fees representing compensable services rendered by the paraprofessional personnel employed by GLJB.

3. The Chapter 7 Trustee is authorized to pay the fees awarded herein, subject to disgorgement in the event there are insufficient funds to pay all Chapter 7 and 11 administrative claims in this case.