**In re Steven MORENO, Silma Jones Moreno, Debtors.**

No. 02–30164–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

June 26, 2003.

---

Adriano R. Gonzalez, Port St. Lucie, FL, for debtors.

Christine L. Herendeen, Tampa, FL, for creditor.

John L. Walsh, Ft. Lauderdale, FL, for trustee.

### *ORDER ALLOWING FEES*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be considered following service of the Notice of Filing of Trustee's Final Report of Estate and Proposed Dividends and Application for Compensation and Setting Deadline for Objections ("Notice of Filing"). The Notice of Filing (C.P.22) was served upon the Debtors, all creditors and the Office of the United States Trustee, in accordance with Bankruptcy Rules 2002(a)(6) and (c)(2) and Local Rule 2002–1(C)(10). The Court has examined all pending fee applications, and finds that the following allowances are reasonable.

The Court finds that reasonable compensation for Patricia Dzikowski, trustee, is $2,278.45 plus expenses of $21.15.

The Court finds that reasonable compensation to John L. Walsh, Esq. of Dzikowski and Walsh, is $2,933.50 plus expenses of $350.15.

 With respect to the Application for Compensation filed by Ms. Dzikowski as the chapter 7 trustee, she has calculated her requested fee under 11 U.S.C. § 326 based upon her having made total disbursements of $72,150.39.[1] A review of the trustee's Final Report (C.P.21) reflects that the aggregate amount which actually will be disbursed by Ms. Dzikowski equals $15,284.53, and not $72,150.39 as indicated upon the Trustee's Application for Compensation (C.P.20). In calculating the aggregate amount of disbursements upon which her fee application is predicated, Ms. Dzikowski has included funds which in actuality were disbursed by one George Hough, Jr., P.A., who acted as the settlement agent on the sale of a parcel of real property located at 909 West Midway Road, Fort Pierce, Florida. Pursuant to this Court's July 9, 2002 order (C.P.14), Ms. Dzikowski was authorized to sell the referenced property for $77,000. At no time during the administration of this estate was Mr. Hough, Jr. authorized to represent Ms. Dzikowski, or to act as her agent.

Ms. Dzikowski's fee application is predicated, in part, upon her position that she, in effect, disbursed the funds which were paid by Mr. Hough in conjunction with the real estate closing, thereby enabling her to seek compensation based upon the funds paid by Mr. Hough. However, such an interpretation of the term "monies disbursed or turned over . . . *by* a trustee" as used in Section 326 of the Bankruptcy Code is at odds with established case authority. *In re Lan Associates XI, L.P.,* 192 F.3d 109 (3rd Cir.1999); *In re Indoor–Outdoor Dining, Inc.,* 77 B.R. 952 (Bankr. S.D.Fla.1987); *In re Palm Beach Resort Properties, Inc.,* 73 B.R. 323 (Bankr. S.D.Fla.); *In re New England Fish Co.,* 34 B.R. 899 (Bankr.W.D.Wash.1983). In *Lan Associates,* the Third Circuit rejected the constructive disbursement theory relating

---

1. 11 U.S.C. § 326 provides, in part, that the Court may allow reasonable compensation for the trustee's services, pursuant to a formula calculated "...upon all monies disbursed or turned over in the case by the trustee to parties in interest..."

to compensation of a chapter 7 trustee. The Court noted that "...because the constructive disbursement theory allowed the trustee to be compensated for disbursements of property and other types of considerations, rather than simply for money disbursements as Congress defined them, it conflicts with our narrow interpretation of § 326(a)." *Id.* at 118.

In the *Palm Beach Resort Properties* case, *supra,* the Court addressed a scenario virtually identical to the situation *sub judice.* The chapter 7 trustee filed his application for compensation based in part upon funds paid by a purchaser directly to a secured creditor, rather than through the trustee's bank account. In denying a portion of the requested trustee compensation, the Court noted:

> There was no actual or constructive disbursement of the $2.4 million by the trustee and, therefore, the trustee cannot collect any compensation greater than the statutory maximum.

*Id.* at page 323.

Consistent with the position of the *Indoor–Outdoor Dining* decision, the court in *New England Fish Company, supra,* similarly limited the amount of trustee compensation. In comparing the provisions of Section 326(a) of the Bankruptcy Code to the predecessor provisions under Sections 48(c) of the Bankruptcy Act, the Court noted:

> When Congress made these changes, it presumably was aware of the difference of opinion which existed under prior law

and which leads to the problem of this case. Had it so desired, Congress could readily have included properties turned over, assumed claims, and the value of compromised claims as well as monies as the basis on which commissions were to be computed. However, it did not do so. It is a well established principle of statutory interpretation that unambiguous words should be given their plain and ordinary meaning, unless to do so would be dissonant of the statute....[i]n view of the majority of cases under prior law and the plain and unambigous wording of section 326(a), this Court concludes that the trustee's compensation must be based on actual monies disbursed to parties in interest, and not on assets or settlements which can be construed as a constructive disbursement. If Congress had intended anything more, it would have said so.

*Id.* at page 899. Thus, this Court concludes that the maximum amount of compensation which can be awarded to Ms. Dzikowski equals $2,278.45, based on total disbursements of $15,284.53.

■ With respect to the Final Application for Compensation by Attorney for Trustee, filed by Mr. Walsh, he has requested final compensation in the amount of $3,036.00, together with reimbursement of expenses equal to $350.15. In awarding final compensation to Mr. Walsh of $2,933.50, the Court has eliminated time entries to the extent of $102.50, consisting of the following entries:

| DATE | ATTORNEY DESCRIPTION | TIME EXPENDED |
|------|---------------------|---------------|
| 05/03/02 | JLW—Prepare Application, Affidavit, and Order Authorization Employment of Attorney for Trustee | .30 |
| 05/30/02 | PD—Review and serve Notice of Hearing re: Motion and Notice of Sale for Real Property | .10 |

In order to support an award of professional fees by a bankruptcy court, it is necessary that the services be professional in nature, rather than ministerial or administrative services. *In re Adelson,* 239 B.R. 627 (Bankr.S.D.Fla.1999). The aforedescribed time entries are ministerial in nature, and are not compensable. Accordingly, it is

**ORDERED** that:

1. Patricia Dzikowski, trustee, is awarded $2,278.45 plus expenses of $21.15.

2. John L. Walsh, Esq. of Dzikowski and Walsh, is awarded $2,933.50 plus expenses of $350.15.