**In re David Allen CARTER, Ariane Carmen–Helen Espino–Brown, Debtors.**

**No. 02–30463–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

July 1, 2005.

David Lloyd Merill, Stuart, FL, for debtors.

Robin R. Weiner, Ft. Lauderdale, FL, for trustee.

## ORDER ALLOWING FEES

STEVEN H. FRIEDMAN, Bankruptcy Judge.

After notice to all creditors, this Court has examined all pending fee applications filed in this case. The Court has considered these applications and finds that the following allowances are reasonable.

The Court finds that reasonable compensation for John P. Barbee, trustee, is $4,709.04 plus expenses of $165.55.

The Court finds that reasonable compensation for John A. Moffa, attorney for trustee, is $12,673.00 plus expenses of $822.96.

In allowing the foregoing fees, the Court has reduced the fee request of John P. Barbee, chapter 7 trustee, by $1,229.57, and the Court has reduced the fee request of John A. Moffa, attorney for chapter 7 trustee, by $1,108.00. The rationale for the reductions in fee allowances is set forth below:

### REDUCTION IN FEE REQUEST BY TRUSTEE

■ The fee application of John P. Barbee, as chapter 7 trustee ("Trustee"), is predicated upon the Trustee's purported disbursement of $53,772.15 during the course of the administration of this estate (C.P. 82). Pursuant to 11 U.S.C. § 326(a), the court may allow reasonable compensation to a chapter 7 trustee subject to certain delineated limitations based upon "...all monies disbursed or turned over in the case by the trustee to parties in interest...". A component of the aggregate amount of gross receipts purportedly administered by the Trustee ($53,772.15) is an amount equal to $33,800.00, ostensibly representing the proceeds derived from the Trustee's sales of two parcels of real property, which sales were authorized by the Court by way of orders entered on July 15, 2003 (C.P. 50 and 51). However, the sales of both parcels were closed through escrow agents, and the net amount of proceeds actually received by the Trustee equals $19,618.29. Nonetheless, the Trustee's fee application is computed on the basis that he disbursed a total of $33,800.00 deriving from his sale of the two real estate parcels. In actuality, the total amount of disbursements by the Trustee equals $39,590.44, and not $53,722.15. Thus, based upon the formula prescribed by 11 U.S.C. § 326, the maximum allowable compensation to the Trustee equals $4,709.04.

The position implicitly advanced by the Trustee is that, since he constructively received a total of $33,800.00 in "proceeds" from the sales of the two real estate parcels, his compensation should be computed to include the $33,800.00 as a component of his purported total disbursements of $53,722.15. This Court previously has addressed the same issue. In the case of *In re Moreno*, 295 B.R. 402 (Bankr.S.D.Fla. 2003), the chapter 7 trustee sought an

allowance of compensation based upon disbursements made, in part, through a settlement agent with regard to the trustee's sale of real property. In *Moreno,* the trustee sold a parcel of real property, and utilized the services of special counsel in the closing of the real estate transaction. Thereafter, the trustee sought compensation under 11 U.S.C. § 326(a), based upon disbursements ostensibly made by the trustee which included all disbursements effected by the trustee's special counsel deriving from the closing of the real estate parcel. In rejecting the "constructive disbursement" theory on trustee's disbursements, the Third Circuit Court of Appeals, in the case of *In re Lan Associates XI, L. P.,* 192 F.3d 109 (1999) noted:

> We are not persuaded by these authorities' adoption of the constructive disbursement theory for several reasons. First, because the constructive disbursement theory allows the trustee to be compensated for disbursements of property and other types of consideration, rather than simply for money disbursements as Congress defined them, it conflicts with our narrow interpretation for § 326(a).

*Id.* at page 118. *In accord., see New England Fish Company,* 34 B.R. 899 (Bankr.W.D.Wash.1983); *In re Palm Beach Resort Properties, Inc.,* 73 B.R. 323 (Bankr.S.D.Fla.1987). Under the circumstances *sub judice,* the Court rejects the application of the constructive disbursement theory relating to compensation for the chapter 7 trustee.

### REDUCTION IN FEE REQUEST BY ATTORNEY FOR TRUSTEE

■ The fee application of John A. Moffa, attorney for the chapter 7 trustee ("Moffa") seeks compensation for professional services in the amount of $13,781.00 together with reimbursement of expenses in the amount of $822.96. Included among the itemized time entries attached to Moffa's fee application are numerous time entries reflecting tasks performed by individuals employed by Moffa as secretaries or paralegals. The tasks performed by Kellye Norelius, Bridgette Paul, and Ann Marie Ellison consist almost entirely of services which are secretarial in nature, and for which professional compensation is not allowable. The tasks performed by Moffa's paralegals include: preparation of notices of appearance; telephone conversations relating to the status of the administration of this case; preparation of certificates of service relating to motions and orders deriving from Moffa's representation of the trustee; telephone conferences with the court's official copy service relating to the obtaining of copies of court papers; and the preparation of correspondence and notices to the debtors and third parties and the preparation for typing of other court papers.

Secretarial tasks are overhead expenses of the attorney and are not additionally compensable. *Bonds Lucky Foods, Inc.,* No. 1, 76 B.R. 664, 668 (Bankr.E.D.Ark. 1986).

> A paralegal should be engaged in matters, under the supervision of an attorney, that require some independent judgment or are matters that an attorney would be expected to perform but can, under an attorney's supervision, be performed by an individual with specialized training or experience. Clerical functions such as typing, filing, photocopying, faxing, scanning or filing documents either electronically or traditionally, are not such functions.

*Valley Historic Ltd. P'ship,* 307 B.R. 508, 517 (Bankr.E.D.Va.2003), *citing In re Joseph Charles & Assoc., Inc.,* 295 B.R. 399 (Bankr.S.D.Fla.2003). The Court accordingly reduces Moffa's fee application to the extent of $1,108.00 which represents non-

compensable time expended by his secretaries or paralegals.

In allowing the foregoing fees, this Court has considered the criteria specified in 11 U.S.C. §§ 326 and 330 and the requirements of B.R.2016 in light of the principles stated in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); and *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount Total DNB Amt. | |
|---|---|---|---|---|---|
| 2/18/2003 KN | 38913 Asset & Analysis–Probate Prepare Notice of Appearance in the Circuit Court of the Nineteenth Judicial Circuit, probate Division, for the estate of Ramio Suikki, t/c with clerk's office re: address of same, prepare Circuit Court service list | 90.00 | 0.40 | 36.00 | Billable |
| 6/8/2004 KN | 54325 Asset & Analysis–Probate Prepare update for Tee re: probate case | 90.00 | 0.10 | 9.00 | Billable |
| 8/31/2004 KN | 55587 Asset & Analysis–Probate T/C with Marydensye Ommert re: status distribution | 90.00 | 0.10 | 9.00 | Billable |
| 5/21/2003 KN | 42194 Asset & Analysis–Real Property Go online to Port St. Lucie Records/Recorders Office to research and obtain a copy of the Quit Claim Deed for Paul, t/c with Port St. Lucie Recorder Dept. re: same | 90.00 | 0.40 | 36.00 | Billable |
| 5/29/2003 KN | 42515 Asset & Analysis–Real Property T/C with Mr. Racin's office re: t/o of the deed on the Port St. Lucie lot | 90.00 | 0.10 | 9.00 | Billable |
| 7/10/2003 KN | 44202 Asset & Analysis–Real Property Prepare order Granting Trustee's Motion to Approve Sale of Real Property (1110 Ingrassina Avenue, Port St. Lucie, FL) for upcoming hearing on same (0.30), prepare Order Granting Trustee's Motion to Approve Sale of Real Property (2067 McCallister Lane, Port St. Lucie, FL), t/c with realtor re: Deeds and legal description (0.40) | 90.00 | 0.70 | 9.00 | Billable |
| 7/16/2003 KN | 44417 Asset & Analysis–Real Property Prepared Certificate of Service of Order Granting Trustee's Motion to Approve Sale of Real Property (1110 Ingrassina Avenue, Port St. Lucie, FL) | 90.00 | 0.40 | 36.00 | Billable |

| Date<br>ID | User<br>Task | Rate<br>Markup % | Hours<br>DNB<br>Time | Amount<br>Total<br>DNB Amt. | |
|---|---|---|---|---|---|
| | and Order Granting Trustee's Motion to Approve Sale of Real Property (2067 McCallister Lane, Port St. Lucie, FL), prepare fax letter to Realtor, Bobbie Santiago re: Order Approving Sale of Properties | | | | |
| 7/28/2003 KN | 44925 Asset & Analysis–Real Property Prepare Certificate of Service of Corrected Order Granting Trustee's Motion for Approval of Sale of Real Property (2067 McCallister Lane, Port St. Lucie, FL), prepare fax cover letter to the Title Co. and Bobbie Santiago, Realtor re: same and fax | 90.00 | 0.40 | 36.00 | Billable |
| 7/30/2003 KN | 44986 Asset & Analysis–Real Property Prepare Certificate of Service of Corrected Order Granting Trustee's Motion for Approval of Sale of Real Property (1110 Ingrassina Avenue, Port St. Lucie, Fl.), prepare facsimile cover letter to Realtor re: same | 90.00 | 0.30 | 27.00 | Billable |
| 8/7/2003 KN | 45199 Asset & Analysis–Real Property Go online to pacer to obtain a current docket, several t/c with Randy from West Palm Beach Bankruptcy Court Clerk's office re: corrected order not entered on the docket, prepare fax letter to Randy from West Palm Beach Bankruptcy Court Clerk's office re: corrected orders and fax same (0.50), t/c with Pacific Photocopy to order Certified Copies of Pleadings (0.10) | 90.00 | 0.60 | 54.00 | Billable |
| 8/12/2003 KN | 45362 Asset & Analysis–Real Property Go online to download current docket to highlight which CP numbers need to be certified | 90.00 | 0.20 | 18.00 | Billable |
| 8/13/2003 KN | 45424 Asset & Analysis–Real Property T/C with Pacific Photocopy to order certified copies needed | 90.00 | 0.20 | 18.00 | Billable |
| 7/10/2002 KN | 30738 Asset Analysis & Recovery T/C with office of debtors counsel regarding tax return | 80.00 | 0.10 | 8.00 | Billable |
| 4/17/2003 KN | 40955 Asset Analysis & Recovery T/C with David Merrill's office re: upcoming hearing and Agreed Order, prepare fax cover letter to Merrill's office regarding Agreed Order | 90.00 | 0.30 | 27.00 | Billable |
| 4/30/2003 KN | | 90.00 | 0.90 | 81.00 | Billable |

| Date | User | Rate | Hours DNB | Amount Total | |
|------|------|------|-----------|--------------|---|
| ID | Task | Markup % | Time | DNB Amt. | |
| | 41373 Asset Analysis & Recovery Go online to pacer to obtain a current docket (0.20), prepared Ex–Parte Agreed Motion to Amend Agreed Order Granting Trustee's Motion for Order Compelling Debtors' to Turn Over Federal Income Tax Refunds for 1998–2001 which are property of the estate and order granting (0.70) | | | | |
| 5/13/2003 KN | | 90.00 | 0.10 | 9.00 | Billable |
| | 41827 Asset Analysis & Recover Go online to pacer to review a current docket to see if Order Amending Turn Over of Tax Refunds was entered for Paul | | | | |
| 5/28/2003 KN | | 90.00 | 0.10 | 9.00 | Billable |
| | 42468 Asset Analysis & Recovery Go online to pacer to review a current docket to see if any objections to the Agreed Order were filed | | | | |
| 7/25/2003 KN | | 90.00 | 0.20 | 18.00 | Billable |
| | 44869 Asset Analysis & Recovery Prepare letter to debtors' counsel re: payments in default and same needs to be current | | | | |
| 8/6/2003 KN | | 90.00 | 0.20 | 18.00 | Billable |
| | 45170 Asset Analysis & Recovery Several t/c with Vicki at First American Title Co. re: the closing, certified copies of the corrected orders and the order appointing Trustee and the two liens (one w/code enforcement and the debtor has requested a hearing) | | | | |
| 11/26/2003 KN | | 90.00 | 0.20 | 9.00 | Billable |
| | 48778 Asset Analysis & Recovery T/C with Debtor's Attorney's office re: their clients payments overdue | | | | |
| 7/17/2002 KN | | 80.00 | 0.10 | 8.00 | Billable |
| | 31029 Case Administration Revise service list to reflect Sandra Martinez, Esq. address as she filed a Notice of Appearance | | | | |
| 7/26/2002 KN | | 80.00 | 0.20 | 16.00 | Billable |
| | 31599 Case Administration T/C with Debtors' counsel regarding copy of 2001 income tax return | | | | |
| 1/15/2003 KN | | 90.00 | 0.40 | 36.00 | Billable |
| | 37978 Case Administration Prepare Re-notice of Rule 2004 of Ariane Carmen–Helen Espino–Brown and David Allen Carter | | | | |
| 1/24/2003 KN | | 90.00 | 0.20 | 18.00 | Billable |
| | 38289 Case Administration Prepared Re-notice of Deposition of Ariane Carmen–Helen Espino–Brown | | | | |
| 12/30/2003 KN | | 90.00 | 0.30 | 27.00 | Billable |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount Total DNB Amt. | |
|---|---|---|---|---|---|
| | 49672 Case Administration Go online to Pacer to review a current docket to review docket for CP# to add to Order, review case files for documents to attach to motion, revise Order Revoking | | | | |
| 10/1/2003 KN | | 90.00 | 0.30 | 27.00 | Billable |
| | 47112 Claims Administration & Object Prepare Objections to Claims | | | | |
| 11/9/2003 KN | | 90.00 | 0.50 | 45.00 | Billable |
| | 48300 Claims Administration & Object Prepared Creditor's Motion for Extension of Time to File an Objection to Trustee's Objection to Claims | | | | |
| 11/12/2003 KN | | 90.00 | 0.60 | 54.00 | Billable |
| | 48371 Claims Administration & Object Go online to Pacer to see if any objections were filed to the objection to claim, prepare Certificate of Contested matter, prepare NOH for same (0.50), review case for pleading (0.10) | | | | |
| 1/6/2004 KN | | 90.00 | 0.20 | 18.00 | Billable |
| | 49878 Claims Administration & Object Prepare Order Sustaining Trustee's Objection to Claim No. 8 of John Anastasio | | | | |
| 1/16/2004 KN | | 90.00 | 0.20 | 18.00 | Billable |
| | 50308 Claims Administration & Object Prepared COS of Order Sustaining Trustee's Objection to Claim No. 8 of John Anastasio and Denying Creditor, John Anastasio's Motion for Enlargement of Time to File a Response to the Objection to Claim | | | | |
| 6/19/2002 BP | | 95.00 | 0.20 | 19.00 | Billable |
| | 30100 Asset Analysis & Recovery Prepared letter to Debtor's attorney re: $ due Debtor from estate | | | | |
| 7/30/2002 BP | | 95.00 | 1.30 | 123.50 | Billable |
| | 31719 Asset Analysis & Recovery Draft Notice of Taking Deposition in Aid of Execution of William T. Mosher, and Don Donahue (0.40), draft subpeona to William T. Mosher and Don Donahue (0.40), review file, revised Notices and Subpoenas, and draft letter to debtor's attorney re: status of sanctions order (0.50) | | | | |
| 6/10/2002 BP | | 95.00 | 0.30 | 28.50 | Billable |
| | 29527 Case Administration Prepared letter to debtor's attorney re: 2001 tax return, revised letter | | | | |
| 6/25/2002 BP | | 95.00 | 0.40 | 38.00 | Billable |
| | 30341 Case Administration Draft 2004 Notices of Debtor | | | | |
| 7/18/2002 BP | | 95.00 | 0.20 | 19.00 | Billable |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount Total DNB Amt. | |
|---|---|---|---|---|---|
| | 31144 Case Administration Draft follow-up letter to Debtor's attorney re: tax return | | | | |
| 7/29/2002 BP | | 95.00 | 0.40 | 38.00 | Billable |
| | 31660 Case Administration Revised 2004 Notices of Debtors, draft letter to Debtor's attorney re: turnover of 2001 income tax refunds, revised letter to Debtor's attorney | | | | |
| 7/31/2002 BP | | 95.00 | 0.50 | 47.50 | Billable |
| | 31794 Case Administration Draft Notice of cancellation of Rule 2004 Examinations of Debtor, draft fax cover sheet to Mr. Merrill enclosing Notice, revised Notice | | | | |
| 8/12//2002 BP | | 95.00 | 0.30 | 28.50 | Billable |
| | 32327 Case Administration Draft fax letter to Trustee enclosing Mr. Merrill's letter dated 8/6/02 for his review, revised letter | | | | |
| 5/16/2003 AMR | | 80.00 | 0.20 | 16.00 | Billable |
| | 42037 Asset Analysis & Recovery Prepared Certificate of Service of Agreed Order Granting Motion to Amend Agreed Order Granting Trustee's Motion for Order Compelling Debtors to T/O Federal Income Tax Refunds for 1998–2001 which are Property of the Estate (CP# 31) | | | | |
| 7/17/2003 AMR | | 80.00 | 0.20 | 16.00 | Billable |
| | 44507 Asset Analysis & Recovery Prepared letter to debtors' attorney reminding them of debtors' responsibility to pay Trustee per May 14 signed Agreed Order Granting Motion to Amend Agreed Order Granting Trustee's Motion for Order Compelling Debtors to T/O Federal Income Tax Refunds for 1998–2001 which are Property of the Estate | | | | |
| 7/25/2003 AMR | | 80.00 | 0.10 | 8.00 | Billable |
| | 44879 Asset Analysis & Recovery T/C to John Barbee office and spoke to Stephanie regarding payments the debtors should have made and what they have received to date. | | | | |
| 1/14/2003 AMR | | 80.00 | 0.10 | 8.00 | Billable |
| | 37901 Case Administration T/C to David Merrill's office (attorney for debtor) to reconfirm 2004 of debtors for today and t/c to Barbee & Assoc. to reconfirm | | | | |
| 12/11/2003 AMR | | 80.00 | 0.10 | 8.00 | Billable |
| | 49188 Case Administration T/C to Adrianna Carter to let her know we received her fax | | | | |

| Date<br>ID | User<br>Task | Rate<br>Markup % | Hours<br>DNB<br>Time | Amount<br>Total<br>DNB Amt. | |
|---|---|---|---|---|---|
| 11/2/2004 | AMR<br>56465 Fee/Employment Applications<br>Prepared Final Fee Application | 80.00 | 1.50 | 120.00 | Billable |