In re Thomas E. McMASTER, Debtor.

No. 5–03–bk–50329.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 17, 2008.

**OPINION** [1]

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court are Objections of the above-captioned Debtor to the Second Application for Allowance of Compensation and Expenses for the Sheils Law Associates, P.C., Attorney for Robert P. Sheils, Jr., Chapter 11 Trustee, and to the Supplement to the First and Final Request for Compensation filed by Robert P. Sheils, Jr., as Chapter 11 Trustee. The Court will first address the Objection to the Second Application for fees and expenses filed by the Attorney for the Trustee. (Doc. # 833)

At the time of the hearing, the Debtor argued that many of the entries made by the Attorney for the Trustee were better characterized as "case administration" which could have been performed by the Trustee without the need of legal assistance. As an example of such an entry, the Debtor pointed to those entries indicated "review of monthly report." The Debtor also questioned a plethora of what he described as "small entries" and again indicated that it could not be determined whether these entries could have been performed by the case trustee without the need of legal assistance. The Debtor added, however, that it was probably not worth anyone's time or effort to examine the specific time entries in question. Finally, in the most general way, the Debtor questioned the amount of the fee application and indicated that it may have been excessive when compared to the work performed by the Attorney for the Trustee.

I find it important to note that the objector, the Trustee, and the Trustee's representative did not place onto the record any facts by way of testimony. The presentation at the time of the hearing was purely legal argument. In that regard,

Donald M. Hahn, Stover McGlaughlin Gerace et al., Bellefonte, PA, for Debtor.

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

the Attorney for the Trustee argued that the entries were justified under the circumstances of the case and that the amount was not excessive because of the litigiousness of the underlying case. In short, the Attorney for the Trustee attributed many of the time entries on the excessive demands and difficult personality of the Debtor causing the administration of this case to be both taxing and prolonged. Interestingly, the Debtor's attorney, in large part, agreed with the characterization placed by the Attorney for the Trustee on the behavior of the Debtor in this case.

■ Under the dictates of *In re Busy Beaver Building Centers,* 19 F.3d 833 (3rd Cir.1994), I have completed an independent review of the fee application for the Attorney for the Trustee and, taken together with the state of the record, cannot make a determination that the entries in question were solely for case administration purposes which could have been performed by the Trustee without the need of legal authority and guidance through the Trustee's Attorney. I find that the amounts requested vis-à-vis the efforts and results of the work done are justified and reasonable.

It is for these reasons I will grant, in its entirety, the *Application for both fees and* expenses submitted by the Attorney for the Trustee.

■ I will now address the Objection to the Supplement to the First and Final Request for Compensation filed by Robert P. Sheils, Jr., as Chapter 11 Trustee. (Doc. # 851) At the hearing, there was much discussion as to the exact amount that was collected and disbursed by the Trustee. Unfortunately, at that time, the Trustee was not prepared to calculate, with any certainty, the exact amount he had collected and disbursed. The Trustee indicated he had made 2.7 million dollars of disbursements but, at the time of the hearing, had no records, including accounting records, to support that assertion. I then gave the Trustee time to file a supplemental application attaching disbursement records thereto. (Doc. # 850) The Objection to the Supplement was heard by the Court during a telephonic hearing on July 11, 2008. In calculating the cap on the Trustee's compensation under 11 U.S.C. § 326, the Debtor argued that the Trustee totaled the disbursements from various real estate closings when a closing agent actually received and disbursed funds to the seller and others at the time of the closing. The Debtor argues those funds were not actually collected or disbursed by the Trustee because the funds never were deposited into the Trustee's account.

The Debtor is quite correct in directing my attention to the limitations in Section 326, which reads as follows:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, *upon all moneys disbursed or turned over in the case by the trustee* to parties in interest, excluding the debtor, but including holders of secured claims. (Emphasis mine)

11 U.S.C.A. § 326(a)

This highlights the fundamental issue raised by the Debtor. More specifically, the Debtor argues that the Trustee has computed his maximum fee on all *receipts.*

This is quite apparent from the Trustee's Supplement to his application filed to document number 850. In fact, Exhibit A to that filing identifies the multiple parcels of real estate that were sold and which total $2,166,688.00, apparently forming a major component of the receipts upon which the Trustee based his maximum fee. The Debtor points out that the actual monies received were much lower, as evidenced by the settlement sheets attached to the Supplement. For example, in regard to a sale of 300 Bellefonte Avenue, Lock Haven, Pennsylvania, the sales price was $1,545,885.00 but the amount paid to seller, i.e., the Trustee, was only $250,428.26. This was due primarily to the fact that the escrow agent paid off the mortgagee in the amount of $1,005,321.49. Herein lies the major issue. Can the Trustee compute his maximum commission on, not only his disbursements, but also those of the escrow agent?

The Third Circuit case of *In re Lan Assocs. XI, L.P.,* 192 F.3d 109, 118 (3d Cir.1999) analyzed the issue of whether the trustee could properly compute his maximum compensation by adding in the amount of a credit bid. The Court said this was improper based on a reading of the statute, as well as a study of legislative history. In brief, the Court rejected the concept of "constructive disbursement" wherein the trustee would calculate the value of property "administered" even though it was not actually disbursed by the trustee. This is at variance with the holding of at least one other circuit that has ruled otherwise. *York Int'l Bldg., Inc. v. Chaney,* 527 F.2d 1061, 1074 n. 12 (9th Cir.1975). At first glance, that may seem to bode poorly for the Trustee's position. Nevertheless, on closer inspection, the Court in *Lan* indicated that the concept of "moneys," as used in the statute, is somewhat ambiguous allowing that Court to resort to legislative history. *In re Lan*

*Associates,* 192 F.3d at 116–117. In fact the specific legislative history examined commented that "moneys turned over to secured creditors" should be included in the base on which the fee is computed. *Id.* at 117, citing to H.R. REP. NO. 95–595, at 327 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6283–84.

The inapplicability of the concept of the constructive disbursement theory has resulted in some courts rejecting of the request of trustees to utilize disbursements by an escrow agent in the calculation of the maximum fees. *In re Carter,* 326 B.R. 892 (Bankr.S.D.Fla.2005); *In re Moreno,* 295 B.R. 402 (Bankr.S.D.Fla.2003); *In re Indoor–Outdoor Dining, Inc.,* 77 B.R. 952 (Bankr.S.D.Fla.1987). As explained in *In re Blair,* however, the constructive disbursement theory is not relevant where "actual money" is disbursed. It is only applicable where "other consideration" is sought to be considered as "moneys disbursed". *In re Blair,* 329 B.R. 358, 2005 WL 2009303, *5 (9th Cir. BAP 2005). The *Blair* court pointed out that the escrow holder is merely an agent for the trustee acting at the trustee's behest in distributing monies to the lien creditors. "[I]n a legal sense, the distributions were made by the trustee." *Id.* at *3. In accord with the conclusion that escrow disbursements should be included in calculating the maximum compensation of the Trustee are *In re Tyczka,* 287 B.R. 465 (Bankr.E.D.Mo. 2002) and *In re Reid,* 251 B.R. 512 (Bankr. W.D.Mo.2000). I agree with the reasoning of *Blair.* I further hold that including disbursements by an escrow agent on behalf of the trustee as a factor in determining the Section 326 cap is consistent with the conclusions of *In re Lan Associates.*

The Trustee's Application utilizes the gross sales price of the property in computing the Trustee's cap under 11 U.S.C. § 326. While I find that this was inappro-

priate, a review of the settlement statements attached to the Supplement verify that amounts marginally greater than the gross sales price were actually turned over to the seller/trustee/escrow agent for disbursal, due to tax adjustments and other charges. Since I conclude that the maximum fee of the Trustee can include not only the actual disbursements of the Trustee but those, too, of the escrow agent while acting as the Trustee's agent, I see no need to reject the Trustee's computations.

For the reasons indicated in this Opinion. I will grant the Trustee's Supplemental Application.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Objection to the Second Application for Allowance of Compensation and Expenses for the Sheils Law Associates, P.C., Attorney for Robert P. Sheils, Jr., Chapter 11 Trustee (Doc. # 833) is overruled and the Application (Doc. # 825) is granted in its entirety.

**IT IS FURTHER ORDERED** that the Objection to the Supplement to the First and Final Request for Compensation filed by Robert P. Sheils, Jr., as Chapter 11 Trustee (Doc. # 851) is overruled and the Supplement (Doc. # 850) is granted in its entirety.